UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joseph Haniffy,
    Petitioner

    v.                                         Civil No.08-cv-268-SM
                                                Opinion No. 2010 DNH 068
Richard Gerry, Warden,
New Hampshire State Prison,
    Respondent

**O R D E R**

Respondent again moves for summary judgment on Joseph Haniffy's petition for a writ of habeas corpus. 42 U.S.C. § 2254. Given the court's order on respondent's first motion for summary judgment (document no. 16), Haniffy's claims are now limited to two: 1) denial of due process related to evidentiary rulings, and 2) prosecutorial misuse of evidence admitted for a limited purpose.

Respondent first contends that the State did not violate the New Hampshire Rules of Evidence (or their federal counterparts) when it impeached two witnesses it called at trial — Haniffy's codefendants Christopher Armstrong and Cassidy Coburn. Whether or not the New Hampshire Supreme Court correctly applied the rules of evidence (state or federal) is somewhat beside the point. To be entitled to summary judgment, respondent must demonstrate the absence of a federal constitutional violation.

That requires some discussion of the relationship between state evidentiary rules and federal constitutional requirements.  See Abrante v. St. Amand, 595 F.3d 11, 19 (1st Cir. 2010).  In any event, the relevant issue here is not whether the New Hampshire Supreme Court properly applied the New Hampshire Rules of Evidence; the issue is whether the admitted evidence so infused Haniffy's trial with inflammatory prejudice that a fair trial was not afforded him.  See id. (quoting Petrillo v. O'Neill, 428 F.3d 41, 44 n.2 (1st Cir. 2005)).  Respondent's motion and memorandum of law fail to address that dispositive question.

Respondent also argues that Haniffy waived his claims for relief with respect to prosecutorial argument that relied upon evidence for a purpose for which it was not admitted.  A habeas petitioner can fail to exhaust a claim by waiving it.  Or, a claim may be procedurally defaulted when a state court determines that a criminal defendant has waived it.  But saying that a claim has been "waived," without discussing exhaustion or procedural default, does not advance a meritorious argument.[1]

---

[1] Moreover, the factual basis for respondent's argument on Ground Two is not clear.  At one point, respondent asserts: "The State's closing argument drew a single objection from the defense."  (Resp't's Mem. of Law (document no. 18-1), at 12.)  On the same page, respondent says: "Because defense did not object to the State's closing argument . . ."  (Id.).  One page later, respondent states: "Since the State's closing argument drew only one objection . . ."  (Id. at 13.)

As the court noted in denying respondent's previous motion for summary judgment, it does not appear likely that petitioner is entitled to federal habeas relief.  On the other hand, when moving for summary judgment, it is respondent's obligation to demonstrate the bases for the relief he seeks.  Respondent's motion for summary judgment (document no. 18) does not do so, and is denied, without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 12, 2010

cc: Terry L. Ollila, AUSA
    Kevin E. Sharkey, Esq.