UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joseph Haniffy,
    Petitioner

    v.                                           Civil No. 08-cv-268-SM
                                                  Opinion No. 2010 DNH 090
Richard Gerry, Warden,
New Hampshire State Prison,
    Respondent

**O R D E R**

Respondent moves for summary judgment on Joseph Haniffy's petition for a writ of habeas corpus. 28 U.S.C. § 2254. Haniffy objects. For the reasons given, respondent's motion for summary judgment is granted.

**Background**

Haniffy is currently serving a state-imposed sentence of incarceration for aggravated felonious sexual assault.

Before trial, Haniffy filed a motion in limine seeking to exclude the testimony of codefendants Cassidy Coburn and Christopher Armstrong. Generally speaking, Haniffy was concerned that the State would call Coburn and Armstrong to testify merely to impeach them with hearsay evidence for the improper purpose of establishing the victim's alleged lack of consent to sexual activity through evidence not admissible for that substantive

purpose.  He based his motion on the following proposition of law:

> While [a witness's] prior inconsistent statement may be admitted to attack [his] credibility even if the statement tends to directly inculpate the defendant, the State may not use a statement under the guise of impeachment for the primary purpose of placing before the jury otherwise inadmissible substantive evidence. See United States v. Hogan, 763 F.2d 697, 702 (5th Cir. 1985).  This limitation prevents the State from using impeachment by prior inconsistent statement as a mere subterfuge to avoid the hearsay rule.  See Id.

(Resp't's First Mot. Summ. J. (document no. 14), Ex. B, at A62 (quoting State v. Soldi, 145 N.H. 571, 574 (2000)).  Haniffy did not explicitly advance a federal constitutional claim before the state court, and the authorities on which he relied, i.e., Soldi and Hogan, were not based upon federal constitutional law.  See Soldi, 145 N.H. at 573-74; Hogan, 763 F.2d at 701-03.[1]  The trial court denied Haniffy's motion to exclude, but ordered that "before the State will be permitted to attempt to impeach either co-defendant, with their prior statements or any other evidence, the parties shall be required to approach the bench."  (Resp't's First Mot. Summ. J., Ex. B, at A68.)

---

[1] Haniffy cited three other federal cases in his motion in limine (see Resp't's First Mot. Summ. J., Ex. B, at A63), but like Hogan, those cases applied the Federal Rules of Evidence, not the federal constitution.  See United States v. Gomez-Gallardo, 915 F.2d 553, 555-56 (9th Cir. 1990); United States v. Crouch, 731 F.2d 621, 623-24 (9th Cir. 1984); United States v. Morlang, 531 F.2d 183, 188-90 (4th Cir. 1975).

During a chambers conference on the fourth day of trial, the trial judge instructed the prosecutor on how he was to examine Coburn and Armstrong:

> This is what you're going to be allowed to do. You highlight whatever portions of this transcript you want to deal with. You can show it to him and ask him what he meant by that. I don't want it read to the jury. I don't want it read out loud. You may show it to him and ask him to read it to himself and ask him to explain what he meant by that. This case is not coming in through improper hearsay, David. It's just not going to happen.

(Trial Tr., Day 4, at 34.) The State's examination of Coburn drew numerous objections from Haniffy's counsel. At one point, the trial judge appears to have agreed with defense counsel that the prosecutor was ignoring his instructions on how to examine Coburn in an attempt to draw repeated objections. (Id. at 97.) The judge went on to tell the prosecutor that he was "very close to drawing a mistrial." (Id.) The State's direct examination of Armstrong went more smoothly, but did draw at least one objection, which was sustained. (Id. at 157-58.) In addition, during the State's closing argument, defense counsel objected to the manner in which the prosecutor referred to Coburn's and Armstrong's out-of-court statements. (Id., Day 6, at 54-55.) As noted above, Haniffy was eventually convicted.

Haniffy appealed his conviction.  His notice of appeal lists ten issues, including these:

> 1. Did the Court err in denying the defendant's Motion in Limine #1 (Testimony of Armstrong and Coburn)?
>
> 2. Did the Court err in allowing the State to ask questions of the co-defendants that were designed to elicit inadmissible hearsay?

(Status Report, Attach. 4 (document no 5-4), at 3.)

In his appellate brief, Haniffy listed three issues, only the third of which ("issue three") is relevant here: "Whether the trial court erred in denying [his] motion to preclude the testimony of the co-defendants?"  (Resp't's First Mot. Summ. J., Ex. A, at 1.)  While the section of Haniffy's brief devoted to issue three is labeled "THE TRIAL COURT ERRED IN DENYING HANIFFY'S MOTION TO PRECLUDE THE TESTIMONY OF THE CO-DEFENDANTS" (id. at 27), the brief itself discusses the denial of the motion in limine and the manner in which the trial was conducted, including both the prosecutor's direct examinations of Coburn and Armstrong and his closing argument.  But, like his motion in limine and his notice of appeal, Haniffy's appellate brief does not make a federal constitutional claim.  Its table of authorities lists no federal constitutional provisions (Resp't's First Mot. Summ. J., Ex. A, at ii), and the only federal cases it cites, Hogan and Morlang (id. at 33-34), resolved issues arising

under the Federal Rules of Evidence, not the federal constitution.  Haniffy's legal analysis with respect to issue three begins in the following way: "Under New Hampshire Rule of Evidence 607, a party may impeach its own witness.  The rule, however, 'gives the trial court discretion to determine whether to admit evidence under the rule, in part to protect timid witnesses against overzealous prosecutors.' "  (Resp't's First Mot. Summ. J., Ex. A, at 32 (quoting Soldi, 145 N.H. at 573)).  In other words, the legal argument in Haniffy's appellate brief relies exclusively on the New Hampshire Rules of Evidence.

The New Hampshire Supreme Court affirmed Haniffy's conviction in an unpublished order.  (See Status Report, Attach. 6 (document no. 5-6).)  The court characterized Haniffy's appeal as arguing "that the trial judge made three errors regarding the admissibility of evidence" (id. at 1), and its decision rested exclusively on its interpretation of the New Hampshire Rules of Evidence as set out in its earlier decision in Soldi (see id. at 2).

Haniffy's petition for a writ of habeas corpus now consists of the following two claims:

1. Haniffy's due process and fair trial rights, guaranteed by the Sixth and Fourteenth Amendments, were violated when the Court allowed his

5

> codefendants to testify at his trial, which
> allowed the prosecution to improperly introduce
> the substance of hearsay statements of the
> codefendants into evidence.
>
> 2. Haniffy's due process and fair trial rights,
> guaranteed by the Sixth and Fourteenth Amendments,
> were violated when the trial court allowed the
> prosecution to repeatedly violate its instructions
> regarding use of the codefendants' hearsay
> statements at trial.

(Order (document no. 9), at 8-9.)  While it is not entirely clear, the court assumes that Ground One tracks issue one in Haniffy's state notice of appeal and issue three in his brief, and thus pertains to the trial court's denial of his Motion in Limine #1.  The court further assumes that Ground Two pertains both to the prosecutor's examination of Coburn and Armstrong and to his references to that testimony in his closing argument.

## Discussion

A. Ground One

Respondent says that Ground One is unexhausted, was procedurally defaulted in the state courts, and fails on the merits.  Haniffy does not address the issue of procedural default, other than by arguing that his claims were properly exhausted.  Respondent's first two arguments are meritorious, and dispositive.

Federal habeas corpus relief may not be granted unless a petitioner's state-law remedies have been exhausted. See Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010) (citing 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971)). "The exhaustion doctrine honors hallowed principles of federal-state comity.  It serves to ensure that the state courts are sufficiently apprised of a federal claim to have a meaningful opportunity to address that claim."  Id. (quoting RaShad v. Walsh, 300 F.3d 27, 41 (1st Cir. 2002)).  Unexhausted claims are subject to dismissal.  See Janosky, 594 F.3d at 51.

"In order to exhaust a federal claim, a petitioner must present that claim 'fairly and recognizably' to the state courts."  Id. at 50 (quoting Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997)).  "In other words, he must have tendered the claim 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.' "  Id. (quoting Scarpa v. Dubois, 38 F.3d 1, 6 (1st Cir. 1994)).

> A petitioner will satisfy the fair presentment requirement if he does any of the following in his [notice of appeal]: (i) cites a provision of the federal Constitution upon which the relevant claim rests; (ii) advances the claim in a manner that alerts the state court to its federal nature; (iii) cites federal constitutional precedents in support of the claim; or (iv) explicitly alleges a violation of a right specifically protected in the federal

7

>  Constitution.  Clements [v. Maloney], 485 F.3d [158, 162 [(1st Cir. 2007)].  In some situations, a petitioner may satisfy the presentment requirement by citing to state-court precedents, which themselves rely on federal constitutional law.  Id.  Similarly, he may achieve that result by asserting a state claim that is, for all practical purposes, indistinguishable from a federal constitutional claim.  Id.

Janosky, 594 F.3d at 50.  On the other hand, however, "[m]aking a 'somewhat similar state-law claim' is insufficient" to exhaust a federal constitutional claim.  Rivera v. Goode, 540 F. Supp. 2d 582, 591 (E.D. Pa. 2008) (quoting McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999)).

 Haniffy did not present the constitutional claim described in Ground One to the New Hampshire Supreme Court in any of the ways described in Janosky.  Rather, like the ALOFAR in Janosky, which claimed violations of state evidentiary rules but not the Sixth Amendment, see 594 F.3d at 50, Haniffy's notice of appeal, and his state appellate brief, presented only a claim that the trial court violated the New Hampshire Rules of Evidence by admitting the testimony of Coburn and Armstrong — it made no federal constitutional claim.  Accordingly, the federal constitutional claim in Ground One has not been exhausted.  28 U.S.C. § 2254(b)(2)(A).

Haniffy does not claim to have met the presentment requirement in any of the ways described in Janosky. Rather, he relies solely on the discussion of exhaustion in the Magistrate Judge's October 13, 2009, preliminary review order (document no. 9). That is not enough. "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216. Respondent is entitled to raise and prove failure to exhaust, notwithstanding the Magistrate Judge's order on preliminary review. That order was necessarily issued before respondent was served; it cannot have res judicata effect. The situation might be different if habeas petitioners were required to plead and demonstrate exhaustion in their petitions, but that is not the law. See Jones, 549 U.S. at 211-17. Accordingly, Haniffy's reliance on the Magistrate Judge's order is unavailing.

Because the claim Haniffy raises in Ground One has not been exhausted, Ground One must be dismissed. See Janosky, 594 F.3d at 51.

Review of Ground One is also precluded because the constitutional issue raised therein was procedurally defaulted in the state courts. See id. at 44 ("Federal habeas review of a particular claim is precluded in circumstances in which a state prisoner has defaulted on that claim in state court by virtue of

an independent and adequate state procedural rule.") (citation omitted).  "[A] claim is procedurally defaulted if it was not presented to the state courts and it is clear that those courts would have held the claim procedurally barred."  Pike v. Guarino, 492 F.3d 61, 73 (1st Cir. 2007) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004)).

As discussed above, the constitutional claim described in Ground One of Haniffy's petition was not presented to the New Hampshire state courts.  Moreover, because Haniffy did not raise that claim in the trial court, did not raise it in his notice of appeal, and did not address it in his supreme court brief, the New Hampshire Supreme Court would have held that claim to be procedurally barred had he attempted to press it during the appeal process.

In the first instance, Haniffy did not object to the admission of testimony from Coburn and Armstrong, in constitutional terms, in the trial court.  For that reason, the New Hampshire Supreme Court would not have reviewed that issue, even if Haniffy had listed it in his notice of appeal and briefed it.  "The general rule in [New Hampshire] is that a contemporaneous and specific objection is required to preserve an

issue for appellate review." State v. Ericson, 159 N.H. 379, 386 (2009) (quoting State v. Winstead, 150 N.H. 244, 246 (2003)) (emphasis added). Thus, the New Hampshire Supreme Court "will not review any issue that the defendant did not raise before the trial court." State v. Bell-Rogers, 159 N.H. 178, 182 (2009) (quoting State v. Blackmer, 149 N.H. 47, 48 (2003)).

Here, it is clear that Haniffy objected to the State's elicitation of testimony from Coburn and Armstrong in his Motion in Limine #1. But he only objected to the admission of evidence barred by the New Hampshire hearsay rule; he never argued that introduction of that evidence would violate his rights under the federal constitution. That objection was not sufficient, under New Hampshire law, to preserve the claim Haniffy makes in Ground One, because "[t]he objection must state explicitly the specific ground of objection." Ericson, 159 N.H. at 386 (emphasis added).

Ericson provides a useful example of the degree of explicitness and specificity necessary to preserve an issue for appellate review. In that case:

> the defendant objected [at trial] on the ground that to allow the victim to hold Silly Putty while testifying would make her appear "more helpless than she might otherwise be evaluated by the jury," and that the State had failed to establish a "compelling need" to allow her to hold the Silly Putty. The defendant never made reference to "due process," "fair trial," "right to

11

> confront," or any other phrase that might have alerted
> the trial court that he intended to raise a
> constitutional argument.  Nor did he ever identify a
> constitutional provision that was allegedly violated.

Id. at 386.  The New Hampshire Supreme Court held that the defendant in Ericson failed to preserve his federal constitutional claim for appellate review.  Id.  The New Hampshire Supreme Court has also held that an objection that a witness's testimony constituted inadmissible hearsay was not sufficient to preserve, for appellate review, a Confrontation Clause claim under Crawford v. Washington, 541 U.S. 36 (2004).  See State v. Legere, 157 N.H. 746, 764 (2008).

Like the defendants in Ericson and Legere, Haniffy objected at trial, but gave the trial court no indication, either express or implied, that his objection had a federal constitutional dimension.  The New Hampshire Supreme Court would, if presented with the question, deem Haniffy's constitutional claim to have been forfeited.  See State v. Dodds, 159 N.H. 239, 244 (2009) ("Any objection not raised at trial is deemed waived.") (citing State v. Ryan, 135 N.H. 587, 88 (1992)).

Moreover, even if Haniffy had adequately preserved his constitutional claim in the trial court, and properly briefed it, the Supreme Court would not have addressed it, because he did not

raise the issue in his notice of appeal.  In New Hampshire, the Supreme Court will not review an issue not raised in the appellant's notice of appeal.  See <u>N.H. Ball Bearings, Inc. v. Jackson</u>, 158 N.H. 421, 436 (2009) (citing <u>Guyotte v. O'Neill</u>, 157 N.H. 616, 623 (2008)); <u>Dupont v. N.H. Real Estate Comm'n</u>, 157 N.H. 658, 662 (2008) ("We decline to address both arguments, however, because these issues were also not raised in the notice of appeal.  As a result, the issues were not properly preserved and are deemed waived.") (citing <u>State v. Martin</u>, 145 N.H. 313, 315 (2000)).

    Finally, Haniffy also failed, completely, to develop or even identify a federal constitutional claim in his appellate brief.  So, even if he had properly preserved that claim at trial, and raised it in his notice of appeal, the New Hampshire Supreme Court, if asked to rule on it, would have deemed it forfeited or waived.  See <u>State v. Kelly</u>, 159 N.H. 390, 394 (2009) ("To the extent that the defendant implied at oral argument that the process he received at the deferred sentence hearing was constitutionally infirm, he has not briefed this argument, and we deem it waived.") (citing <u>State v. Fortier</u>, 146 N.H. 784, 792 (2001)); <u>see also</u> <u>Blackmer</u>, 149 N.H. at 49 (citing <u>State v. Chick</u>, 141 N.H. 503, 504) (1996) (passing reference to constitutional claim renders argument waived); <u>Keenan v. Fearon</u>,

13

130 N.H. 494, 499 (1988) ("off-hand invocations" of constitutional rights supported by neither argument nor authority warrant no extended consideration)).  Here, Haniffy's state brief provided neither argument nor authority for a federal constitutional claim and, indeed, did not even include a passing reference or an off-hand invocation.

At three different points, i.e., at trial, in his notice of appeal, and in his appellate brief, Haniffy failed to alert the New Hampshire state courts to his current claim that impeachment of Coburn and Armstrong would violate his federal due-process and fair-trial rights.  Thus, had the New Hampshire Supreme Court been asked to rule on that claim, it would have deemed the claim forfeited (waived) under well-established rules of procedure.  In other words, the claim was procedurally defaulted.

A procedural default "can be excused if 'the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . a fundamental miscarriage of justice.' "  Yeboah-Sefah v. Ficco, 556 F.3d 53, 66 (1st Cir. 2009) (quoting Coleman, 501 U.S. at 750).  Haniffy, however, advances no argument on cause and prejudice.

14

Because Haniffy has procedurally defaulted the constitutional claim in Ground One, and has not established the requisite basis for having that default excused, this court is precluded from reaching the merits of the claim raised in Ground One.  See Pike, 492 F.3d at 73.

B. Ground Two

Respondent makes essentially the same argument for Ground Two that he advances for Ground One.  The analysis of Ground One applies with equal force to Ground Two.  The claims advanced in Ground Two are both unexhausted and procedurally defaulted, which precludes federal habeas corpus review.

C. Merits

Respondent is entitled to judgment as a matter of law, due to both lack of exhaustion and procedural default.  Even if the merits were considered, however, respondent would still be entitled to summary judgment.

In federal habeas practice, review of the application of state evidentiary rules is "severely limited."  Abrante v. St. Amand, 595 F.3d 11, 19 (1st Cir. 2010).  "To be a constitutional violation, a state evidentiary error must so infuse the trial with inflammatory prejudice that it renders a fair trial

impossible." Id. (quoting Petrillo v. O'Neill, 428 F.3d 41, 44 n.2 (1st Cir. 2005)).

Here, there are two problems with Haniffy's claims. First, it is not at all clear that any evidentiary errors occurred. Before and during trial, Haniffy was concerned about the admission of hearsay but, in fact, the portions of the trial transcript he identifies as illustrating the unfairness of his trial document the admission of very little, if any, hearsay. Plainly, the prosecutor's examinations of Coburn and Armstrong drew objections from defense counsel and admonitions from the trial judge. But, hardly any hearsay actually made its way to the jury. So, it is not at all clear that any state evidentiary errors occurred at trial. Because evidentiary errors at trial, if any, were very minor, Haniffy cannot show that his trial was so infused with inflammatory prejudice that it was not possible for the trial to have been fair. Accordingly, even if the court were to consider the merits of Haniffy's claims, he would not prevail under the federal standard.

## Conclusion

For the reasons given, respondent's motion for summary judgment (document no. 22) is granted. The clerk of the court

16

shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 24, 2010

cc: Joseph Haniffy, pro se
    Elizabeth C. Woodcock, Esq.

17